

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 24, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. H- 333

Re: Validity of provision in
Appropriation Act restricting
employment of aliens.

Dear Mr. Calvert:

The General Appropriations Act for fiscal 1974-1975 (Acts 1973, 63rd Leg., ch. 659, p. 1786) contains, as one of the special provisions applicable to executive and administrative department and agencies, the following, Art. III Section 2 (at p. 2054):

> No money shall be paid out of any appropriation made in this Article for personal services for a longer period than ninety (90) days to any person who is not a citizen of the United States unless the person has begun naturalization proceedings.

You have asked whether the provision is (1) unconstitutional or (2) in conflict with other provisions of the Act forbidding that personnel transactions be made on the basis of national origin (Sec. III at p. 1967).

We believe the first part of your question is definitely answered by the U.S. Supreme Court decision in Sugarman v. Dougall, 413 U.S. 634, (1973) where the Court had for consideration a section of the New York Civil Service Law providing:

> Except as herein otherwise provided, no person shall be eligible for appointment for any position in the competitive class unless he is a citizen of the United States.

Citing cases such as <u>Graham v. Richardson</u>, 403 U.S. 365 (1971), the Court held the New York statute violated the Fourteenth Amendment's equal protection guarantee. And see Attorney Generals' Opinions O-866 (1939), R-2247 (1950), M-447 (1969), H-81 (1973), and H-157 (1973).

The Court, however, was careful to note that it did not hold that, on the basis of an individual determination, an alien might not be refused or discharged from public employment on the basis of noncitizenship. It further pointed out that it did not hold that a state could not, in an appropriately defined class of positions, require citizenship as a qualification for office.

In a footnote the Court stated that it intimated no view as to the constitutionality of citizenship requirements imposed in federal government employment. And see <u>Espinosa v. Farah Manufacturing Company</u>, 414 U.S. 86, (1973), concerning private industry hiring practices.

It is our opinion that the quoted provision of the Texas Appropriation Act is too broad and is violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

In view of the foregoing opinion, it is unnecessary for us to answer whether the quoted provision conflicts with those prohibiting national origin as a basis for personnel transactions. But see <u>Espinosa v. Farah Manufacturing Company</u>.

## SUMMARY

A state may require citizenship or commencement of the naturalization process as a requirement for employment in specific, appropriately defined positions. However a broad policy declaration that citizenship or

filing for naturalization is a requirement for all State employment violates the equal protection clause of the Fourteenth Amendment and is unconstitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee